### HARLEY *v.* AMERSON.

ATKINSON, J. Where a tenant instituted an equitable action against his landlord to reform a contract of rental and to enjoin the prosecution of a distress warrant and a statutory dispossessory proceeding, an amendment to the petition filed at the trial term, setting forth various claims for special damages arising from a breach of the contract, some of which were germane to the petition, and a claim of general damages for malicious abuse of process, was not subject to demurrer which merely raised the point that the amendment " was not germane, . . . and sought to set up independent causes of action," the demurrer itself not specifying any particular portion of the amendment which was not germane to the original cause of action and which set up an independent cause of action.

2. The petition as amended was not subject to general demurrer.

3. The evidence was sufficient to support the verdict for the plaintiff.

4. The alleged newly discovered evidence is merely impeaching and cumulative in character, and not sufficient to require a reversal of the judgment refusing a new trial.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent on account of sickness.*

No. 1444. FEBRUARY 24, 1920.

Equitable petition. Before Judge Park. Hancock superior court. April 17, 1919.

*R. B. Harley* and *R. H. Lewis,* for plaintiff in error.
*Wiley & Lewis,* contra.